

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIAM WILSON~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4788
Re: Authority of Comptroller to ex-
pend unused balances from preced-
ing biennium of $2\frac{1}{2}\%$ of cigarette
taxes set aside for enforcement
purposes.

Your letter of August 20, 1942, requests the opinion
of this Department upon the following question:

May the Comptroller expend during the current bien-
nium the unused balance from the previous biennium of the $2\frac{1}{2}\%$
of cigarette taxes set aside for enforcement purposes?

The current appropriation bill (S.B. 423, Acts Reg.
Sess., 47th Leg.) provides:

"Two and one half per cent of the cigarette
stamp tax and cigarette fees collected as provided
by law together with balances on hand at August 31,
1941 and August 31, 1942, are hereby appropriated
to the Comptroller from which the items above shall
be paid, and for the administration and enforcement
of the cigarette and occupation tax laws."

Article 7047c, Sec. 30 (Chap. 241, Acts Reg. Sess,
44th Leg. as amended) provides:

"That two and one-half per cent ($2\frac{1}{2}\%$) of the
gross amount of taxes, permit and license fees and
other funds derived under the provisions of this Act
shall be set aside in a special fund subject to the
use of the Comptroller and so much of said fund as
may be necessary shall be expended in the administra-
tion and enforcement of the provisions of this Act
and so much of the proceeds of two and one-half per
cent ($2\frac{1}{2}\%$) of said tax and funds shall be and the
same is hereby appropriated for said purposes, same
to be paid monthly as needed; provided that payment
for the manufacturing or printing of the cigarette

tax stamps and for any expenses incurred by the Board incident thereto shall be made from the revenue derived from the cigarette tax before such fund is allocated under the provisions of this Act and so much of said fund as may be necessary is hereby appropriated for such purpose; any unexpended portion of said funds so specified shall at the end of each biennium be paid in the proper proportion to the funds to which the cigarette tax fund shall be apportioned."

The general law, Art. 7047c, sec. 30, in setting aside $2\frac{1}{2}\%$ of the cigarette taxes for enforcement purposes, provides specifically that any portion of such $2\frac{1}{2}\%$ as may not be expended at the end of the biennium "shall at the end of each biennium be paid in the proper proportion to the funds to which the cigarette tax fund shall be apportioned." The current appropriation bill, by the provision above quoted, attempts to make the balance on hand at the end of the preceding biennium, towit, August 31, 1941, available for expenditure by the Comptroller. S.B. 423 thus conflicts with the general law, which allocates such balances to certain funds in the Treasury.

It is apparently well settled that an appropriation bill cannot repeal or amend a general law. See our opinion 0-2573 and authorities therein cited. S.B. 423 is the general departmental appropriation bill for the current biennium. Therefore, the provision in S.B. 423 does not repeal the requirement of the general law, Art. 7047c, Sec. 30, that balances unexpended at the end of each biennium of the $2\frac{1}{2}\%$ enforcement fund shall be paid into certain funds. It follows that such balance is not available for expenditure by the Comptroller for enforcement purposes.

The provision of Art. XX, sec. 1 of H.B. 8, Reg. Sess., 47th Leg. quoted in your letter, towit: "All revenue, other than that part allocated for enforcement purposes, derived and collected from the taxes levied by Chapter 241, Acts of the Regular Session, Forty-fourth Legislature, and any amendments thereof or thereto, shall be hereafter and is hereby allocated as follows: . . ." does not affect this conclusion. It does not purport to enlarge the amount available to the Comptroller for expenditure, so as to allocate unexpended balance at the end of a biennium for expenditure for enforcement during subsequent fiscal years.

You ask if the conclusion expressed above applies also to the unused portion of allocations of one half of one per cent of the tax on oil.

S. B.  423 contains the following rider:

"One half of one per cent of the oil production
tax collected, as provided by law, together with
balances on hand at August 31, 1941, the August 31,
1942, is hereby appropriated to the Comptroller from
which the items listed above shall be paid, and for
the administration and enforcement of the natural re-
source and gross receipts tax laws."

Article 7057a, Sec. 9 (1)  provides in part:

". . . Before any division or allotment of the
occupation tax on oil collected under the provisions
of this Act, is made one-half of one per cent of the
gross amount of said tax shall be set aside in the
Treasury subject to the use of the Comptroller in
the administration and enforcement of the provisions
of this Act, and so much of the said proceeds of one-
half of one per cent of the occupation tax on oil
paid monthly as may be needed in such administration
and enforcement shall be expended in the amounts and
for purposes fixed by the Legislature in the General
Appropriation Bill.  Any unexpended portion of said
fund so specified shall at the end of the fiscal year
revert to the respective funds or accounts in proper
proportions to which the occupation tax on oil is
proportioned at the end of the fiscal year; . . . ."

The same reasoning and authority control this situation.
The general law provides for allocating the unexpended balance
at the end of the fiscal year to certain funds in the Treasury.
The appropriation bill, attempting to repeal or amend the general
law so as to authorize the Comptroller instead to expend such
balances during the present fiscal biennium for enforcement pur-
poses, is ineffective; the Comptroller must abide the terms of
the general law and allocate the unexpended balances in the en-
forcement account accordingly at the end of each fiscal year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/R.W. Fairchild
R.W. Fairchild
Assistant

RWF:nw:wc

APPROVED SEP 3, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman